# EXHIBIT A

RECEIVED
AMTRAK
DEC 19 2025
BY: HERRMANN
EXECUTIVE VICE PRESIDENT,
CHIEF LEGAL OFFICER,
GENERAL COUNSEL & CORPORATE SECRETARY

Kawndre
12/19 @ 12:120



# NYSCEF Confirmation Notice

## New York County Supreme Court



The NYSCEF website has received an electronic filing on 12/12/2025 10:34 AM. Please keep this notice as a confirmation of this filing.

**Index Number NOT assigned**

**Charles Gangi v. National Railroad Passenger Corporation d/b/a Amtrack et al**

**Assigned Judge: None Recorded**

### Documents Received on   12/12/2025 10:34 AM

| Doc # | Document Type |
|-------|---------------|
| 1 | SUMMONS + COMPLAINT |

### Filing User

CHAD P. AYOUB | cayoub@zarembabrown.com | 2123806700

40 Wall Street 52nd Floor, New York, NY 10005

### E-mail Service Notifications

An email regarding this filing has been sent to the following on 12/12/2025 10:34 AM:

**CHAD P. AYOUB - cayoub@zarembabrown.com**

**Hon. Milton A. Tingling, New York County Clerk and Clerk of the Supreme Court**
Phone: 646-386-5956     Website: http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 1 of 2




# NYSCEF Confirmation Notice
## New York County Supreme Court

**Index Number NOT assigned**
**Charles Gangi v. National Railroad Passenger Corporation d/b/a Amtrack et al**
**Assigned Judge: None Recorded**

## Email Notifications NOT Sent

| Role | Party | Attorney |
|------|-------|----------|
| Defendant / Respondent | National Railroad Passenger Corporation d/b/a Amtrack | No consent on record. |
| Defendant / Respondent | Gateway Development Commission | No consent on record. |
| Defendant / Respondent | Mace North America Limited | No consent on record. |
| Defendant / Respondent | Parsons Corporation | No consent on record. |
| Defendant / Respondent | Arcadis of New York, Inc, | No consent on record. |
| Defendant / Respondent | Mace-Parsons-Arcadis JV d/b/a MPA Delivery Partners | No consent on record. |
| Defendant / Respondent | The Related Companies, L.P. | No consent on record. |
| Defendant / Respondent | The Related Companies, Inc. | No consent on record. |

\* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

---

**Hon. Milton A. Tingling, New York County Clerk and Clerk of the Supreme Court**
Phone: 646-386-5956    Website: http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X

Index No.: 166060/2025

CHARLES GANGI,

<u>SUMMONS</u>

                 Plaintiff,

Plaintiff designates:
NEW YORK County as the
place of trial

   - against -

Incident location is
Plaintiff's basis for venue

NATIONAL RAILROAD PASSENGER CORPORATION
d/b/a AMTRAK,
GATEWAY DEVELOPMENT COMMISSION,
MACE NORTH AMERICA LIMITED,
PARSONS CORPORATION,
ARCADIS OF NEW YORK, INC.,
MACE-PARSONS-ARCADIS JV d/b/a
MPA DELIVERY PARTNERS,
THE RELATED COMPANIES, L.P. and
THE RELATED COMPANIES, INC.,

                 Defendants.

------------------------------------------------------------------------X

**TO THE ABOVE-NAMED DEFENDANTS:**

     **YOU ARE HEREBY SUMMONED** to answer the Complaint of the Plaintiff in this
action, which is served herewith upon you, and to Answer upon the undersigned attorneys for the
Plaintiff, within **twenty (20) days** after the service of the Summons and Complaint, exclusive of
the day of service, or within **thirty (30) days** if such service is made by any method other than
personal delivery upon you and in case of your failure to appear or answer, judgment will be taken
against you by default for the relief demanded in the Complaint.

Dated: New York, New York
      December 12, 2025

                                  **ZAREMBA BROWN PLLC**

                    By:   _____
                               Chad P. Ayoub, Esq.
                               *Attorneys for Plaintiff*
                               CHARLES GANGI
                               40 Wall Street, 52nd Floor
                               New York, NY 10005
                               (212) 380-6700

To:   NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK,
1 Massachusetts Ave., NW
Washington, DC 20001

GATEWAY DEVELOPMENT COMMISSION
22 Cortlandt Street – 16th Floor
New York, New York 10007

MACE NORTH AMERICA LIMITED,
1350 Broadway, Suite 408
New York, NY 10018

PARSONS CORPORATION,
100 Broadway, 18th Floor
New York, New York 10005

ARCADIS OF NEW YORK, INC.,
44 South Broadway, Suite 1200
White Plains, New York 10601

MACE-PARSONS-ARCADIS JV d/b/a MPA DELIVERY PARTNERS,
The Woolworth Building
233 Broadway, 16th Floor
New York, New York 10007

THE RELATED COMPANIES, L.P.
30 Hudson Yards, 72nd Floor
New York, New York 10001

THE RELATED COMPANIES, INC.
30 Hudson Yards, 72nd Floor
New York, New York 10001

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------------x

CHARLES GANGI,                                          Index No.: 166060/2025

                        Plaintiff,                         VERIFIED COMPLAINT

    - against –

NATIONAL RAILROAD PASSENGER CORPORATION
d/b/a AMTRAK,
GATEWAY DEVELOPMENT COMMISSION,
MACE NORTH AMERICA LIMITED,
PARSONS CORPORATION,
ARCADIS OF NEW YORK, INC.,
MACE-PARSONS-ARCADIS JV d/b/a
MPA DELIVERY PARTNERS,
THE RELATED COMPANIES, L.P. and
THE RELATED COMPANIES, INC.,

                        Defendants.

-------------------------------------------------------------------------x

       Plaintiff, **CHARLES GANGI,** by his attorneys Zaremba Brown PLLC, complaining of the Defendants alleges as follows:

       1.    At all times relevant herein, Plaintiff was and still is a resident of Queens County, residing at 6439 79th Street, Middle Village, New York 11379.

       2.    Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK** (hereinafter "**AMTRAK**"), was created by Act of Congress, 49 U.S.C. §§ 24101, et seq.

       3.    Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **AMTRAK,** operates as a common carrier by rail engaged in interstate commerce in various states, including in the State of New York.

4.    Upon information and belief, and belief, at all times relevant herein, Defendant, **AMTRAK**, was authorized to do business in the State of New York.

5.    Upon information and belief, at the time of the plaintiff's injury, Defendant, **AMTRAK**, was the owner of the premises located at Block 675, Lot 1 in the County, City and State of New York which is located at or near 12th Avenue between West 29th Street and West 30th Street (hereinafter the "Premises").

6.    Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **AMTRAK**, was the lessor of the Premises.

7.    Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **AMTRAK**, was the lessee of the Premises.

8.    Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **AMTRAK**, was a beneficiary of demolition, construction, renovation, and/or repair of the Premises.

9.    Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **AMTRAK**, was the general contractor for the construction, renovation, demolition, and/or repair of the Premises.

10.    Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **AMTRAK**, was a construction manager for the construction, renovation, demolition, and/or repair of the Premises.

11.    Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **AMTRAK**, was a construction manager as agent for the construction, renovation, demolition, and/or repair of the Premises.

12.    Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **AMTRAK**, was a contractor for the construction, renovation, demolition, and/or repair of the Premises.

13.    Upon information and belief, at the time and place of the subject incident, Defendant, **AMTRAK**, maintained, managed, supervised and/or controlled the construction site located at the Premises.

14.    Upon information and belief, at the time and place of the subject incident, Defendant, **AMTRAK**, hired contractors/companies for work to be performed at the Premises.

15.    Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **GATEWAY DEVELOPMENT COMMISSION** (hereinafter "**GATEWAY**"), was and still is a public authority duly organized and existing pursuant to the laws of the State of New York, with a principal place of business at 20 Cortlandt Street, 16th Floor, New York, NY 10007.

16.    Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **GATEWAY**, is a body created by Compact between the States of New York and New Jersey.

17.    Upon information and belief, and belief, at all times relevant herein, Defendant, **GATEWAY**, was authorized to do business in the State of New York.

18.    Upon information and belief, at the time of the plaintiff's injury, Defendant, **GATEWAY**, was the owner of the Premises.

19.    Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **GATEWAY**, was the lessor of the Premises.

20.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **GATEWAY**, was the lessee of the Premises.

21.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **GATEWAY**, was a beneficiary of demolition, construction, renovation, and/or repair of the Premises.

22.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **GATEWAY**, was the general contractor for the construction, renovation, demolition, and/or repair of the Premises.

23.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **GATEWAY**, was a construction manager for the construction, renovation, demolition, and/or repair of the Premises.

24.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **GATEWAY**, was a construction manager as agent for the construction, renovation, demolition, and/or repair of the Premises.

25.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **GATEWAY**, was a contractor for the construction, renovation, demolition, and/or repair of the Premises.

26.     Upon information and belief, at the time and place of the subject incident, Defendant, **GATEWAY**, maintained, managed, supervised and/or controlled the construction site located at the Premises.

27.     Upon information and belief, at the time and place of the subject incident, Defendant, **GATEWAY**, hired contractors/companies for work to be performed at the Premises.

28.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **MACE NORTH AMERICA LIMITED** (hereinafter "**MACE**"), was and still is a foreign business corporation with its principal place of business located at 1350 Broadway, New York, New York 10005.

29.     Upon information and belief, at all times relevant herein, Defendant, **MACE**, was authorized to do business in the State of New York.

30.     Upon information and belief, at the time and place of the subject incident, Defendant, **MACE**, was the owner of the Premises.

31.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **MACE**, was the lessor of the Premises.

32.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **MACE**, was the lessee of the Premises.

33.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **MACE**, was a beneficiary of demolition, construction, renovation, and/or repair of the Premises.

34.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **MACE**, was the general contractor for the construction, renovation, demolition, and/or repair of the Premises.

35.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **MACE**, was a construction manager for the construction, renovation, demolition, and/or repair of the Premises.

36.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **MACE**, was a construction manager as agent for the construction, renovation, demolition, and/or repair of the Premises.

37.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **MACE**, was a contractor for the construction, renovation, demolition, and/or repair of the Premises.

38.     Upon information and belief, at the time and place of the subject incident, Defendant, **MACE**, maintained, managed, supervised and/or controlled the construction site located at the Premises.

39.     Upon information and belief, at the time and place of the subject incident, Defendant, **MACE**, hired contractors/companies for work to be performed at the Premises.

40.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **PARSONS CORPORATION** (hereinafter "**PARSONS**"), was and still is a domestic business corporation with its principal place of business located at 100 Broadway, New York, New York 10005.

41.     Upon information and belief, at all times relevant herein, Defendant, **PARSONS**, was authorized to do business in the State of New York.

42.     Upon information and belief, at the time and place of the subject incident, Defendant, **PARSONS**, was the owner of the Premises.

43.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **PARSONS**, was the lessor of the Premises.

44.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **PARSONS**, was the lessee of the Premises.

45.    Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **PARSONS**, was a beneficiary of demolition, construction, renovation, and/or repair of the Premises.

46.    Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **PARSONS**, was the general contractor for the construction, renovation, demolition, and/or repair of the Premises.

47.    Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **PARSONS**, was a construction manager for the construction, renovation, demolition, and/or repair of the Premises.

48.    Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **PARSONS**, was a construction manager as agent for the construction, renovation, demolition, and/or repair of the Premises.

49.    Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **PARSONS**, was a contractor for the construction, renovation, demolition, and/or repair of the Premises.

50.    Upon information and belief, at the time and place of the subject incident, Defendant, **PARSONS**, maintained, managed, supervised and/or controlled the construction site located at the Premises.

51.    Upon information and belief, at the time and place of the subject incident, Defendant, **PARSONS**, hired contractors/companies for work to be performed at the Premises.

52.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **ARCADIS OF NEW YORK, INC.** (hereinafter "**ARCADIS**"), was and still is a domestic business corporation with its principal place of business located at 44 South Broadway, White Plains, New York 10601.

53.     Upon information and belief, at all times relevant herein, Defendant, **ARCADIS**, was authorized to do business in the State of New York.

54.     Upon information and belief, at the time and place of the subject incident, Defendant, **ARCADIS**, was the owner of the Premises.

55.     Upon information and belief, at the aforementioned time and place of the subject, incident Defendant, **ARCADIS**, was the lessor of the Premises.

56.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **ARCADIS**, was the lessee of the Premises.

57.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **ARCADIS**, was a beneficiary of demolition, construction, renovation, and/or repair of the Premises.

58.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **ARCADIS**, was the general contractor for the construction, renovation, demolition, and/or repair of the Premises.

59.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **ARCADIS**, was a construction manager for the construction, renovation, demolition, and/or repair of the Premises.

60.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **ARCADIS**, was a construction manager as agent for the construction, renovation, demolition, and/or repair of the Premises.

61.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **ARCADIS**, was a contractor for the construction, renovation, demolition, and/or repair of the Premises.

62.     Upon information and belief, at the time and place of the subject incident, Defendant, **ARCADIS**, maintained, managed, supervised and/or controlled the construction site located at the Premises.

63.     Upon information and belief, at the time and place of the subject incident, Defendant, **ARCADIS**, hired contractors/companies for work to be performed at the Premises.

64.     Upon information and belief, at all times relevant herein, Defendant, **MACE-PARSONS-ARCADIS JV d/b/a MPA DELIVERY PARTNERS** (hereinafter "**MPA**"), was and still is a domestic business corporation with its principal place of business located at 233 Broadway, New York, New York 10017

65.     Upon information and belief, at all times relevant herein, Defendant, **MACE-PARSONS-ARCADIS JV d/b/a MPA DELIVERY PARTNERS** (hereinafter "**MPA**"), was and still is a foreign business corporation with its principal place of business located at 233 Broadway, New York, New York 10007.

66.     Upon information and belief, at all times relevant herein, Defendant, **MPA** was and still is a joint venture between Defendants, **MACE**, **PARSONS** and **ARCADIS**.

67.     Upon information and belief, at all times relevant herein, Defendant, **MPA**, was authorized to do business in the State of New York.

68.     Upon information and belief, at the time and place of the subject incident, Defendant, **MPA**, was the owner of the premises.

69.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **MPA**, was the lessor of the premises.

70.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **MPA**, was the lessee of the premises.

71.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **MPA**, was a beneficiary of demolition, construction, renovation, and/or repair of the premises.

72.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **MPA**, was the general contractor for the construction, renovation, demolition, and/or repair of the premises.

73.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **MPA**, was a construction manager for the construction, renovation, demolition, and/or repair of the premises.

74.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **MPA**, was a construction manager as agent for the construction, renovation, demolition, and/or repair of the premises.

75.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **MPA**, was a contractor for the construction, renovation, demolition, and/or repair of the premises.

76.     Upon information and belief, at the time and place of the subject incident, Defendant, **MPA**, maintained, managed, supervised and/or controlled the construction site located at the premises.

77.     Upon information and belief, at the time and place of the subject incident, Defendant, **MPA**, hired contractors/companies for work to be performed at the premises.

78.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **THE RELATED COMPANIES, L.P.,** was and still is a domestic limited partnership with its principal place of business located at 30 Hudson Yards, New York, New York 10001.

79.     Upon information and belief, at all times relevant herein, Defendant, **THE RELATED COMPANIES, L.P.,** was authorized to do business in the State of New York.

80.     Upon information and belief, at the time and place of the subject incident Defendant, **THE RELATED COMPANIES, L.P.,** was the owner of the premises.

81.     Upon information and belief, at the aforementioned time and place of the subject incident Defendant, **THE RELATED COMPANIES, L.P.,** was the lessor of the premises.

82.     Upon information and belief, at the aforementioned time and place of the subject incident Defendant, **THE RELATED COMPANIES, L.P.,** was the lessee of the premises.

83.     Upon information and belief, at the aforementioned time and place of the subject incident Defendant, **THE RELATED COMPANIES, L.P.,** was a beneficiary of demolition, construction, renovation, and/or repair of the premises.

84.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **THE RELATED COMPANIES, L.P.,** was the general contractor for the construction, renovation, demolition, and/or repair of the premises.

85.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **THE RELATED COMPANIES, L.P.,** was a construction manager for the construction, renovation, demolition, and/or repair of the premises.

86.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **THE RELATED COMPANIES, L.P.,** was a construction manager as agent for the construction, renovation, demolition, and/or repair of the premises.

87.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **THE RELATED COMPANIES, L.P.,** was a contractor for the construction, renovation, demolition, and/or repair of the premises.

88.     Upon information and belief, at the time and place of the subject incident, Defendant, **THE RELATED COMPANIES, L.P.,** maintained, managed, supervised and/or controlled the construction site located at the premises.

89.     Upon information and belief, at the time and place of the subject incident, Defendant, **THE RELATED COMPANIES, L.P.,** hired contractors/companies for work to be performed at the premises.

90.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **THE RELATED COMPANIES, INC.,** was and still is a foreign business corporation with its principal place of business located at 30 Hudson Yards, New York, New York 10001.

91.     Upon information and belief, at all times relevant herein, Defendant, **THE RELATED COMPANIES, INC.,** was authorized to do business in the State of New York.

92.     Upon information and belief, at the time and place of the subject incident Defendant, **THE RELATED COMPANIES, INC.,** was the owner of the premises.

93.     Upon information and belief, at the aforementioned time and place of the subject incident Defendant, **THE RELATED COMPANIES, INC.,** was the lessor of the premises.

94.     Upon information and belief, at the aforementioned time and place of the subject incident Defendant, **THE RELATED COMPANIES, INC.,** was the lessee of the premises.

95.     Upon information and belief, at the aforementioned time and place of the subject incident Defendant, **THE RELATED COMPANIES, INC.,** was a beneficiary of demolition, construction, renovation, and/or repair of the premises.

96.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **THE RELATED COMPANIES, INC.,** was the general contractor for the construction, renovation, demolition, and/or repair of the premises.

97.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **THE RELATED COMPANIES, INC.,** was a construction manager for the construction, renovation, demolition, and/or repair of the premises.

98.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **THE RELATED COMPANIES, INC.,** was a construction manager as agent for the construction, renovation, demolition, and/or repair of the premises.

99.     Upon information and belief, at the aforementioned time and place of the subject incident, Defendant, **THE RELATED COMPANIES, INC.,** was a contractor for the construction, renovation, demolition, and/or repair of the premises.

100.    Upon information and belief, at the time and place of the subject incident, Defendant, **THE RELATED COMPANIES, INC.,** maintained, managed, supervised and/or controlled the construction site located at the premises.

101.    Upon information and belief, at the time and place of the subject incident, Defendant, **THE RELATED COMPANIES, INC.**, hired contractors/companies for work to be performed at the premises.

102.    That on or about October 2, 2025, Plaintiff was severely injured at the Premises due to the negligence and/or statutory violations of the Defendants.

103.    At the time of the incident in which Plaintiff sustained his injuries, he was in the course of his employment with Frontier-Kemper Constructors, Inc. performing construction, renovation and/or demolition work at the Premises.

104.    That at the aforesaid time and place, Plaintiff received several chemical burns while engaged in a concrete pouring operation for which he was not provided adequate protective equipment and clothing.

105.    Defendants, **AMTRAK, GATEWAY, MACE, PARSONS, ARCADIS, MPA, THE RELATED COMPANIES, L.P.** and **THE RELATED COMPANIES, INC.** were responsible for ensuring compliance with §§ 200 and 241(6) of the New York State Labor Law and the regulations relating thereto as well as the common law standards of care.

## AS AND FOR A FIRST CAUSE OF ACTION

106.    Plaintiff **CHARLES GANGI** hereby incorporates by reference the allegations of the allegations contained in each of the preceding paragraphs 1 through 105 as though the same were set forth here in their entirety.

107.    Plaintiff's severe injuries were caused by Defendants, **AMTRAK, GATEWAY, MACE, PARSONS, ARCADIS, MPA, THE RELATED COMPANIES, L.P.** and **THE RELATED COMPANIES, INC.**'s violation of § 200 of the New York State Labor Law.

108.    At the aforementioned times and place, Defendants violated Labor Law §200 in negligently controlling the means and methods of the work and by permitting a dangerous condition of which they had actual and/or constructive notice and/or created.

109.    That as a result of the aforesaid statutory violations, Plaintiff was damaged in a monetary sum far exceeding the jurisdictional limitations of all lower courts of the State of New York which would otherwise have jurisdiction over this action.

## AS AND FOR A SECOND CAUSE OF ACTION

110.    Plaintiff **CHARLES GANGI** hereby incorporates by reference the allegations of the allegations contained in each of the preceding paragraphs 1 through 109 as though the same were set forth here in their entirety.

111.    Plaintiff's severe injuries were caused by Defendants, **AMTRAK, GATEWAY, MACE, PARSONS, ARCADIS, MPA, THE RELATED COMPANIES, L.P.** and **THE RELATED COMPANIES, INC.**'s violation of §241(6) of the New York State Labor Law.

112.    That as a result of the aforesaid statutory violations, Plaintiff was damaged in a monetary sum far exceeding the jurisdictional limitations of all lower courts of the State of New York which would otherwise have jurisdiction over this action.

## AS AND FOR A THIRD CAUSE OF ACTION

113.    Plaintiff, **CHARLES GANGI**, hereby incorporates by reference the allegations of the allegations contained in each of the preceding paragraphs 1 through 112 as though the same were set forth here in their entirety.

114.    Plaintiff's severe injuries were caused by the negligence of Defendants, **AMTRAK, GATEWAY, MACE, PARSONS, ARCADIS, MPA, THE RELATED COMPANIES, L.P.** and **THE RELATED COMPANIES, INC.**, in their ownership, operation,

control, maintenance, management and/or supervision of the aforementioned premises and the construction site/work located thereat.

115.    That Defendants were negligent, reckless and careless in that they violated their duties to persons at the aforesaid Premises including Plaintiff in particular, in knowingly permitting, suffering and allowing a dangerous, trap like condition to be present at the aforesaid premises, to become and remain in a defective, unsafe condition, and were further negligent in failing to take suitable precautions for the safety of persons lawfully at the aforesaid premises; specifically, in failing to give any notice or warning to Plaintiff of said dangerous condition.

116.    That the aforesaid accident and the injuries resulting therefrom were due solely and wholly as a result of the careless and negligent manner in that Defendants owned, operated, maintained, managed, supervised, inspected and controlled the aforesaid Premises, and/or owed a duty to perform construction, demolition, renovation, and/or repair services at the Premises, without Plaintiff in any way contributing to the negligence thereto.

117.    That as a result of the aforesaid negligence, Plaintiff was damaged in a monetary sum far exceeding the jurisdictional limitations of all lower courts of the State of New York which would otherwise have jurisdiction over this action.

**WHEREFORE**, Plaintiff demands judgment in each cause of action against Defendant as follows:

(a) Compensatory damages, together with interest, costs and disbursements as provided by law; and

(b) The amount of relief sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

Dated: New York, New York
December 12, 2025

ZAREMBA BROWN PLLC

By: _____
Chad P. Ayoub, Esq.
*Attorneys for Plaintiff*
CHARLES GANGI
40 Wall Street, 52nd Fl
New York, NY 10005
(212) 380-6700

# V E R I F I C A T I O N

**CHAD P. AYOUB, ESQ**., an attorney duly admitted to practice law before the Courts of

the State of New York, affirms as follows, with knowledge of the penalties for perjury:

1.      Affirmant is a partner at the law firm of **ZAREMBA BROWN PLLC**, attorneys

for **CHARLES GANGI**, Plaintiff in the within action.

2.      I am fully familiar with the facts and circumstances involved in this matter from

reviewing the file regarding same maintained in the offices of the above-named law firm.

3.      I have read the foregoing Complaint, know the contents thereof, and the same are

true to the best of my knowledge.

4.      Affirmant further states that the reason this Verification is made by the undersigned

and not by plaintiff is because said party does not reside in New York County, where the offices

of said attorneys are located.

5.      The grounds of Affirmant's belief as to all matters not stated to be upon Affirmant's

knowledge are investigate materials contained in the files of the above-named law firm.

Dated: New York, New York
      December 12, 2025

                                    **ZAREMBA BROWN PLLC**

                        By:                                

                                  Chad P. Ayoub, Esq.

SUPREME COURT OF THE STATE OF NEW YORK       **Index No.: 166060/2025**
COUNTY OF NEW YORK

---

CHARLES GANGI,

Plaintiff,

   - against -

NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK,
GATEWAY DEVELOPMENT COMMISSION,
MACE NORTH AMERICA LIMITED,
PARSONS CORPORATION,
ARCADIS OF NEW YORK, INC.,
MACE-PARSONS-ARCADIS JV d/b/a MPA DELIVERY PARTNERS,
THE RELATED COMPANIES, L.P. and
THE RELATED COMPANIES, INC.,

Defendants.

---

**SUMMONS and VERIFIED COMPLAINT**

---

**ZAREMBA BROWN PLLC**
*Attorneys for Plaintiff*
***Office and Post Office Address, Telephone***
**40 Wall Street, 52nd Floor**
**New York, New York 10005**
**Tel: (212) 380-6700      Fax: (212) 871-6395**
